IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**CHRIS C. DISHMON**                                                                             **PLAINTIFF**

**VERSUS**                                              **CIVIL ACTION NO. 3:07-cv-758-HTW-LRA**

**UNKNOWN HUGHES, KIMBERLY COLE
AND UNKNOWN GUTHERIE**                                                 **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

On December 28, 2007, the Plaintiff filed a complaint pursuant to Title 42 U.S.C. § 1983 and requested *in forma pauperis* status. On February 1, 2008, an order was entered directing Plaintiff to file a written response, on or before February 15, 2008. The Plaintiff was warned in this Court's order of February 1, 2008, that failure to timely comply with the requirements of the order may lead to the dismissal of his complaint. Plaintiff has failed to comply with this Court's February 1, 2008 order.

On March 7, 2008, this Court entered an order directing the Plaintiff to show cause why this case should not be dismissed for his failure to comply with the Court's order of February 1, 2008. In addition, Plaintiff was directed to comply with this Court's order of February 1, 2008, on or before March 21, 2008. The Plaintiff was warned in this Court's order of March 7, 2008, that failure advise this Court of a change of address or failure to timely comply with the requirements of the order may result in this cause being dismissed. Plaintiff has failed to comply with this order.

On April 9, 2008, this Court entered a second order directing the Plaintiff to show cause why this case should not be dismissed for his failure to comply with the Court's order

of February 1, 2008. In addition, Plaintiff was directed to comply with the February 1, 2008 order on or before April 25, 2008. The Plaintiff was warned in this Court's order of April 9, 2008, that failure to advise this Court of a change of address or failure to timely comply with the requirements of the order may result in this cause being dismissed. Plaintiff has failed to comply with this order.

This Court has the authority to dismiss an action for the Plaintiff's failure to prosecute under Fed.R.Civ.P.41(b) and under its inherent authority to dismiss the action *sua sponte*. *See Link v. Wabash R.R.*, 370 U.S. 626, 629 (1962); *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998); *McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988). The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. *Link*, 370 U.S. at 630. Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the Court. *Id*. at 629-30.

The Plaintiff has not complied with three Court orders and has not communicated with this Court since January 9, 2008. The Court concludes that dismissal of this action for Plaintiff's failure to prosecute under Fed.R.Civ.P.41(b) is proper. Since the Defendants have never been called upon to respond to the Plaintiff's pleading, and have never appeared in this action, and since the Court has never considered the merits of Plaintiff's claims, the Court's order of dismissal will provide that dismissal is without prejudice. *See Munday/Elkins Auto. Partners, LTD. v. Smith*, No. 05-31009, 2006 WL 2852389, at *2 (5th Cir. Oct. 2, 2006).

A Final Judgment in accordance with this Memorandum Opinion and Order will be entered.

SO ORDERED, this the 29th day of May, 2008.

s/ HENRY T. WINGATE<br>
CHIEF UNITED STATES DISTRICT JUDGE

Civil Action No. 3:07-cv-758 HTW-LRA
Memorandum Opinion and Order